PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

## IN THE UNITED STATES DISTRICT COURT

2015 MAR 31  PM 3: 00

FOR THE _Northern_ DISTRICT OF TEXAS DEPUTY CLERK _____

_Amarillo_ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

_Cling Mark Baynard_

**PETITIONER**
(Full name of Petitioner)

_W.P. Clements Unit
9601 Spur 591
Amarillo, Tx 79107_

**CURRENT PLACE OF CONFINEMENT**

vs. _Warden Martin
W.P. Clements Unit
9601 Spur 591
Amarillo, Tx 79107_

**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

_1729758_

**PRISONER ID NUMBER**

**2=15CV-105-J**

**CASE NUMBER**
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.    Only judgments entered by one court may be challenged in a single petition.  A separate petition must be filed to challenge a judgment entered by a different state court.

6.    Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.    Mail the completed petition and one copy to the U. S. District Clerk.  The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.  The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.    Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

☒    A judgment of conviction or sentence,        (Answer Questions 1-4, 5-12 & 20-25)
probation or deferred-adjudication probation.

☐    A parole revocation proceeding.        (Answer Questions 1-4, 13-14 & 20-25)

☐    A disciplinary proceeding.        (Answer Questions 1-4, 15-19 & 20-25)

☐    Other:_____        (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.    Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

_93rd Judicial District Court,  Hidalgo County, Tx 100 N, Closner 3rd floor, Edinburg, Tx 78539_

2.    Date of judgment of conviction:  _7-20-2011_

3.    Length of sentence:  _40 years_

4.    Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _Trial Cause No. CR-1284-11-B; Appeal Cause No, 13-11-00740-CR; P.D.R.-1552-12; Writ of Cert No, 13-5048; State Habeas Writ No, WR-82,404-01_

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)  ☒ Not Guilty     ☐ Guilty     ☐ Nolo Contendere

6.  Kind of trial: (Check one)  ☒ Jury          ☐ Judge Only

7.  Did you testify at trial?  ☐ Yes  ☒ No

8.  Did you appeal the judgment of conviction?  ☒ Yes  ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? _13Th Court of Appeals_  Cause Number (if known): _13-11-00740-CR_

    What was the result of your direct appeal (affirmed, modified or reversed)? _Affirmed_

    What was the date of that decision? _10-18-12_

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: _Ineffective Assistance of trial Counsel on Suppression hearing, Bias Jury, and Ineffectiv assistance of appellate Counsel._
    Result: _Refused_

    Date of result: _3-20-2013_   Cause Number (if known): _PD-1552-12_

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _Denied_          Cause No. _13-5048_

    Date of result: _October, 7, 2013_

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.  ☒ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _Texas Court of Criminal Appeals_

    Nature of proceeding: _Writ of Habeas Corpus art 11.07_

    Cause number (if known): _CR-1284-11-B-C(1); WR-82,404-01_

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: *June - 24 - 2014*

Grounds raised: *Ineffective Assistance of trial Counsel on Suppression hearing, Bias Jury, and Ineffective Assistance of Appellate Counsel*

Date of final decision: *February -4 - 2015*

What was the decision? *Denied*

Name of court that issued the final decision: *Court of Criminal Appeals of texas*

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: *N/A*

Nature of proceeding: *N/A*

Cause number (if known): *N/A*

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: *N/A*

Grounds raised: *N/A*

Date of final decision: *N/A*

What was the decision? *N/A*

Name of court that issued the final decision: *N/A*

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition? ☐ Yes ☒ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: *N/A*

   (b) Give the date and length of the sentence to be served in the future: *N/A*

(c)     Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?    ☐ Yes   ☒ No

## Parole Revocation:

13.    Date and location of your parole revocation: _____ *N/A* _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?    ☐ Yes   ☒ No

     If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes   ☒ No

16.    Are you eligible for release on mandatory supervision?    ☐ Yes   ☒ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____ *N/A* _____

     Disciplinary case number: _____ *N/A* _____

     What was the nature of the disciplinary charge against you? _____ *N/A* _____

18.    Date you were found guilty of the disciplinary violation: _____ *N/A* _____

     Did you lose previously earned good-time days?    ☐ Yes   ☒ No

     If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____ *N/A* _____

     Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: _____ *N/A* _____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes   ☒ No

     If your answer to Question 19 is "Yes," answer the following:

     Step 1   Result: _____ *N/A* _____

Date of Result: _____ *N/A* _____

<u>Step 2</u>  Result: _____ *N/A* _____

Date of Result: _____ *N/A* _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A. **GROUND ONE:** *Constitutional Violation of the Sixth Amendment to Effective Assistance of Counsel*

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    *State Courts adjudication was unreasonable application of clearly established federal law when trial Counsel failed to Contest the States Case in its entirity at Petitioner's Suppression Hearing.*

B. **GROUND TWO:** *Constitutional violation of the Sixth Amendment Effective Assistance of Counsel to the United States Constitution*

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    *State Courts adjudication was an unreasonable application of Clearly established federal law when trial Counsel failed to use any peremptary or for Cause challenges to Strike Juror No. 7 on testimony that unequivocally expressed bias against Petitioner.*

–6–

C.   **GROUND THREE:** _None_

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_N/A_

D.   **GROUND FOUR:** _None_

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_N/A_

21.   Relief sought in this petition: _Petitioner Seeks a Reverse and Remand in each of the two grounds of ineffective assistance of Counsel where his Claims Mirrors Clearly established federal law of the fifth Circuit and Supreme Court precedents._

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☒ No

If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____ *N/A* _____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☒ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes   ☒ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____ *N/A* _____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____ *N/A* _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: *Armando Marroquin*   *2720 W. Canton Ste, A Edinburg, Tx 78539*

(b) At arraignment and plea: *Armando Marroquin* _____

(c) At trial: *Armando Marroquin* _____

(d) At sentencing: *Armando Marroquin* _____

(e) On appeal: *Brandy M. Wingate*   *809A Savannah ave #481 McAllen, Tx 78503*

(f) In any post-conviction proceeding: *Pro Se* _____

(g)     On appeal from any ruling against you in a post-conviction proceeding: _Pro Se_

**Timeliness of Petition:**

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over
        one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
        2244(d) does not bar your petition.[1]

Untoled time while not in appeal process
Does not add up to a year. This Petition
is timely.

---

[1]  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d),
provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)     the date on which the judgment became final by the conclusion of direct review or the
        expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation
        of the Constitution or laws of the United States is removed, if the applicant was prevented from
        filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme
        Court, if the right has been newly recognized by the Supreme Court and made retroactively
        applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been
        discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review
        with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
        limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____ *N/A* _____
Signature of Attorney (if any)

_____ *N/A* _____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

*March 24 - 2015* _____ (month, day, year).

Executed (signed) on *Cling Baynard 3-24-15* (date).

*Cling mark Baynard 1729758*
Signature of Petitioner (required)

Petitioner's current address: *W. P. Clements Unit, 9601 Spur 591*
*Amarillo, tx 79107*

–10–

Cling Mark Baynard 1729758
W. P. Clements Unit
9601 Spur 591
Amarillo, tx 78107

```
┌─────────────────────────────┐
│         RECEIVED            │
│  ┌───────────────────────┐  │
│  │      MAR 3 1 2015      │  │
│  └───────────────────────┘  │
│   CLERK, U.S. DISTRICT COURT │
│  NORTHERN DISTRICT OF TEXAS  │
└─────────────────────────────┘
```

Date: 3-24-15

U.S. District Clerk Office
Mrs. Jeanetta Hetrick Deputy-in-charge.
U.S. Courthouse
205 E. 5th Ave Rm 133
Box F13240
Amarillo, tx 79101-1559

RE: Filing federal writ of Habeas Corpus § 2254, and Notification of filing.

Dear Clerk Mrs. Jeanetta Hetrick

Please file enclosed writ of habeas Corpus 28 U.S.C. § 2254 and attached memorandum. I apologize in advance if there are any mistakes, I am pro se.
Please Notify me of the filing and anything I May need to know.
Thank you for your Time and patience in my Cause

Respectfully Submitted
Cling mark Baynard 1729758



U.S. POSTAGE
PAID
AMARILLO, TX
79120
MAR 30, 15
AMOUNT
$0.00
0010846J-03

1006  79101

Mrs Jeanetta Hetrick District Clerk

U.S. District Clerks Office

U.S. Courthouse, 205 E 5th Ave Rm 133

Box F132 40

Amarillo, Tx 79101-1559

Clivig mark Bayward 1729758
W.P. Clements Unit
9601 Spur 591
Amarillo, Tx 79107





RECEIVED
MAR 3 1 2015
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS